Case 4:20-cv-00662   Document 1-3   Filed on 02/25/20 in TXSD   Page 1 of 10

2/24/2020 11:05 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41081456
By: Tiffany Jefferson
Filed: 2/24/2020 11:05 AM

## CAUSE NO. **2019-79477**

| | | |
|---|---|---|
| **SEYED ALAVI** § | | **IN THE DISTRICT COURT** |
| *Plaintiff* § | | |
| § | | |
| vs. § | | **164th JUDICIAL DISTRICT** |
| § | | |
| **PROGRESSIVE COUNTY MUTUAL** § | | |
| **INSURANCE and UNITED** § | | |
| **FINANCIAL CASUALTY COMPANY** § | | |
| *Defendants* § | | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, SEYED ALAVI, hereinafter called Plaintiff, complaining of and about PROGRESSIVE COUNTY MUTUAL INSURANCE and UNITED FINANCIAL CASUALTY COMPANY, hereinafter called Defendants, and would show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### II. PARTIES AND SERVICE

2. Plaintiff, SEYED ALAVI, is an Individual residing in Harris County, Texas.

3. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE, is an insurance company in good standing with the Texas Department of Insurance, which writes policies of auto insurance in the State of Texas. Defendants may be served process by serving the registered agent of the corporation, CT Corporation, at 1999 Bryan St, Ste 900, Dallas, TX, 75201, its registered office, or by serving any officer, member, or agent. Service of said Defendants as described above can be effected by personal delivery.

4. Defendant UNITED FINANCIAL CASUALTY COMPANY, is an insurance company in good standing with the Texas Department of Insurance, which writes policies of auto

**EXHIBIT "C"**

insurance in the State of Texas. Defendants may be served process by serving the registered agent of the corporation, CT Corporation, at 1999 Bryan St, Ste 900, Dallas, TX, 75201, its registered office, or by serving any officer, member, or agent. Service of said Defendants as described above can be effected by personal delivery.

### III. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This court has jurisdiction over Defendants because said Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

8. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

9. Venue in Harris County is proper in this cause under Section 1952.110(2) of the Texas Insurance Code because the accident occurred in said county.

### IV. FACTS

10. On or about December 14, 2017, a motor vehicle accident involving Plaintiff and Brendan Kaleb Lawson's Name occurred when Brendan Kaleb Lawson negligently collided his motor vehicle into the motor vehicle being driven by Plaintiff SEYED ALAVI.

11. As a direct and proximate cause of the accident, Plaintiff, SEYED ALAVI,

sustained bodily injuries and property damage.

### V. CLAIM FOR UNDERINSURED MOTORIST BENEFITS

12. On December 14, 2017, the date of the accident, SEYED ALAVI was covered by insurance issued and underwritten by Defendant UNITED FINANCIAL CASUALTY COMPANY, issued for dates that include the date of said accident. This policy included coverage for underinsured/uninsured motorists. Plaintiff, SEYED ALAVI is a valid "covered person" under this policy as the insured. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE is responsible for administering the policy, including making benefits determinations for insureds under the insurance agreement.

13. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and Defendant UNITED FINANCIAL CASUALTY COMPANY were timely informed of the accident and that Plaintiff intended to make a claim under underinsured benefits. Plaintiff took reasonable steps after the loss to restore himself back to health by obtaining and receiving medical attention and treatment.

14. Plaintiff sought recovery for bodily injuries sustained from Brendan Kaleb Lawson. Any recovery was insufficient to compensate Plaintiff. The policy limits of Brendan Kaleb Lawson are less than the limit of liability stated in the underinsured coverage of the policy of SEYED ALAVI and are not sufficient to cover Plaintiff's past and future medical expenses and compensate him for his pain and suffering. Plaintiff hereby seeks recovery for injuries and property damage under underinsured coverage.

15. On May 16, 2019, Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY denied Plaintiff benefits under the policy for which Plaintiff was covered. Defendant PROGRESSIVE

COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY have not tendered benefits under the underinsured motorist policy to Plaintiff. Based on this fact, Plaintiff was forced to file this lawsuit.

16. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY are in direct violation of numerous statutory provisions.

## VI. VIOLATIONS OF THE TEXAS INSURANCE CODE

17. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Coe Section 541.060 (a)(2)(A).

18. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies and behaved in an unconscionable manner.

19. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY refused to pay a claim without conduction a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

20. Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED

FINANCIAL CASUALTY COMPANY' denial of Plaintiff's claim or offer of a compromise settlement of Plaintiff's claim in violation of Texas Insurance Code Section 541.060 (3).

21.     Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY knowingly and intentionally committed the foregoing acts with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002(1).

### VII. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

22.     Defendant PROGRESSIVE COUNTY MUTUAL INSURANCE and/or Defendant UNITED FINANCIAL CASUALTY COMPANY, as an automobile insurer, had a duty to deal fairly and in good faith with the processing of Plaintiff's personal injury claims. Defendants breached its duty by refusing to properly investigate, improperly denying benefits, looking for excuses to deny benefits, refusing to provide a reasonable explanation for Defendants' denial, and refusing to pay benefits timely and taking actions contrary to its duties under the Texas Liability Insurance Code. Defendants knew or should have known that there was no reasonable basis for denying or delaying Plaintiff's required benefits. As a result of Defendants' breach of these legal duties, Plaintiff suffered legal damages.

23.     Defendants also acted in an unconscionable, intentional and/or knowing manner, and as a result, are liable for the statutory penalties that apply, including treble damages.

### VIII. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

24.     The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. These violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA

as well.

25. Plaintiff provided Defendants with the required statutory notice and demand pursuant to the DTPA.

## IX. DECLARATORY JUDGMENT

26. Based on the foregoing facts and circumstances, Plaintiff seeks declaratory judgment pursuant to Texas Civil & Remedies Code Section 37.001 *et seq.*, to have his rights, status, and other legal relationships between himself and Defendants established by a Court of competent jurisdiction. In particular, Plaintiff seeks a declaration from the Court that:

   a. The underinsured drive was negligent and liable for the occurrence described above;

   b. Plaintiff sustained compensable damages as a result of the negligence of the underinsured;

   c. The damages sustained by the Plaintiff falls within the terms of coverage afforded under the policy sold by Defendants;

   d. The amount for all categories of economic and non-economic damages, as set forth in this petition, Plaintiff is entitled to recover from Defendants, allowing for all applicable credits and offsets;

   e. Defendants engaged in *per se* statutory violations of the Texas Insurance Code, and is labile for all remedies set forth in pertinent subchapters;

   f. Specifying the amount of damages owed to Plaintiff under the insurance contract with Defendants, including interest, reasonable and necessary attorney's fees, costs of court, and other expenses; and

   g. Plaintiff hereby makes this written presentment of his claim for attorney fees as

Plaintiff was required to engage the services of Firouzbakht Law Firm to file and prosecute this suit.

## X. DAMAGES FOR PLAINTIFF, SEYED ALAVI

27. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SEYED ALAVI, was caused to suffer bodily injuries.

28. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SEYED ALAVI has incurred the following damages for which Plaintiff seeks monetary relief of over $1,000,000.00:

- A. Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, SEYED ALAVI, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place that the services were provided;

- B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

- C. Physical pain and suffering in the past;

- D. Physical pain and suffering in the future;

- E. Loss of earnings in the past;

- F. Loss of earning capacity which will, in all probability, be incurred in the future;

- G. Loss of Household Services in the past;

- H. Loss of Household Services in the future;

- I. Mental anguish in the past;

- J. Mental anguish in the future;

- K. Physical impairment sustained in the past;

- L. Physical impairment which will, in all probability, be sustained in the

future; and

M. Disfigurement which will, in all probability, be sustained in the future.

## XI. DEMAND FOR TRIAL BY JURY

29. Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## XII. REQUEST FOR DISCLOSURE

30. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## XIII. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

31. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives notice that Plaintiff intends to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants has produced in response to Plaintiff's written discovery requests.

## XIV. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SEYED ALAVI, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Firouzbakht Law Firm

By: _____
**Eric Firouzbakht**
Texas Bar No. 24091800
2040 North Loop West, Ste 102
Houston, Texas 77018
Tel.  (832) 779-8018
Fax.  (832) 726-0709
ef@firouzbakhtlawfirm.com
Attorney for Plaintiff
*SEYED ALAVI*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record and/or parties on the 24th day of February, 2020, pursuant to Texas Rules of Civil Procedure 21a.

_____
**ERIC FIROUZBAKHT**